**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3800
_____

UNITED STATES OF AMERICA
v.

SHAMAR LANELL BANKS,

Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 1:11-CR-00002-001)
District Judge: Chief Judge Christopher Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 27, 2017
_____

Before:  McKEE, VANASKIE, and RENDELL, *Circuit Judges*.

(Opinion filed: June 20, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Appellant Shamar Banks appeals the District Court's Order denying, in part, his Motion for a Reduction of Sentence under 18 U.S.C. § 3582(c)(2). We will affirm.[1]

**I**

The Federal Sentencing Guidelines provide that a sentencing court shall not reduce a term of imprisonment under § 3582(c)(2) to a term that is "less than the minimum of the amended guideline range."[2] The only exception is when the original sentence was below the applicable Guidelines range as the result of a substantial-assistance motion the Government files.[3]

The bottom of Banks's amended guideline range was 188 months based on Amendment 782. Because Banks's initial sentence included a downward departure based on substantial assistance, the District Court reduced Banks's sentence to a below-guideline sentence of 168 months.

On appeal, Banks argues that the District Court erred by not disregarding § 1B1.10(b)(2) in order to further reduce his sentence below his amended guideline range by considering the sentencing factors in 18 U.S.C. § 3553(a).[4] Banks concedes that the

---

[1] This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.
[2] U.S.S.G. § 1B1.10(b)(2).
[3] *Id.*
[4] In accordance with 18 U.S.C. § 3553(a), a sentencing court generally must consider the following factors in sentencing:
　　(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
　　(2) the need for the sentence imposed—

text of § 1B1.10(b)(2) prohibits a variance below the amended guidelines range, but he argues that such a prohibition was not meant to preclude a district court from considering § 3553(a) factors in order to vary from the amended guideline range.

We generally review a district court's denial of a sentence reduction for abuse of discretion.[5] However, Banks's arguments implicate the District Court's interpretation of the Sentencing Guidelines. We therefore exercise plenary review over the District Court's partial denial of Banks's § 3582(c)(2) motion.[6]

Section 3582(c)(2), the statutory basis for Banks's motion, provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

[5] *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).
[6] *United States v. Berberena*, 694 F.3d 514, 519 n.7 (3d Cir. 2012) ("[W]hen . . . a defendant raises purely legal issues of statutory and constitutional interpretation, we exercise plenary review.").

3

are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

But the Sentencing Commission has issued a policy statement—U.S.S.G § 1B1.10(b)(2)(A)—that states that a court shall not rely on § 3582(c)(2) to reduce a term of imprisonment to a term that is less than the minimum of the amended guideline range. There is, however, an exception. Where the original sentence was below the applicable guideline range as the result of a substantial-assistance motion filed by the Government, "a reduction comparably less than the amended guideline range . . . may be appropriate."[7]

Therefore, the District Court was authorized to further reduce Banks's sentence from 188 months to a below-guideline sentence of 168 months, given his substantial assistance. We must therefore determine if the District Court erred by refusing to further reduce Banks's sentence below his amended guideline range by considering the factors in 18 U.S.C. § 3553(a). Put simply, the District Court did not.

In *Dillon v. United States*, the United States Supreme Court stated that a reduction under § 3582(c)(2) "must be consistent with applicable policy statements issued by the Sentencing Commission," including § 1B1.10.[8] A sentencing court therefore is "constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by [an] amendment 'may be

---

[7] § 1B1.10(b)(2)(B).
[8] 560 U.S. 817, 821 (2010).

reduced.'"[9]  Accordingly, § 1B1.10(b)(2) "confines the extent of the reduction authorized."[10]

In considering a challenge to the restrictions on sentencing contained in § 1B1.10(b)(2), we have previously concluded that the Sentencing Commission's policy statements were binding and that the Commission had permissibly exercised its authority to limit when a district court can reduce a defendant's sentence to below an amended guideline range.[11]  In fact, in *Berberena*, the defendants had similarly argued that Congress did not intend for the Sentencing Commission, through its policy statements, to "forbid[] judges from reimposing variances and departures they previously deemed appropriate."[12]  We explained, however:

> Nowhere did Congress require that the Commission permit judges to fashion a reduction with exactly the same tools—departures and variances—they originally used to set an appropriate sentence. Rather than undo the effect of previous departures and variances, the Commission has merely limited the extent to which new ones can be awarded in § 3582(c)(2) proceedings.[13]

---

[9] *Id.* at 826 (quoting 18 U.S.C. § 994(u)).

[10] *Id.* at 827.  *See also Freeman v. United States*, 564 U.S. 522, 531 (2011) ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.").

[11] *See Berberena*, 694 F.3d at 521, 523.

[12] *Id.* at 521.

[13] *Id.* (citation omitted).  *See also United States v. Anderson*, 686 F.3d 585, 589–90 (8th Cir. 2012) ("The statutory framework does not require the Commission to make all downward departures and variances applied to the original sentence available when creating a basis for sentencing reduction.").

Banks's argument on appeal therefore is foreclosed not only by the plain text of § 1B1.10(b)(2), but also by precedent from both the United States Supreme Court and our own Court.

## III

For the aforementioned reasons, we will affirm the District Court.